No. 268
STATE v. VANSUCH
Ohio Appeals, 7th Dist., Mahoning Co.
Decided Nov. 13, 1924.

874. ORDINANCES—

1. Preservation of peace, health or safety held prerequisite to passage of emergency ordinance.

2. Emergency ordinance not required to be published or posted.

3. · All except emergency ordinances are void unless posted or published.

ROBERTS, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Fetch and Coliepedro brought an action in mandamus in Mahoning common pleas. They were police officers in Youngstown. Their appointments were made from an elegible list duly certified by the civil service commission of said city. An ordinance was passed reducing the number of patrolmen from eight to six, whereupon because of this ordinance the relators were dismissed. The trial court found in favor of respondents. In reversing the judgment, the court of appeals held:

1. The ordinance in question was not an emergency ordinance because it was not necessary for the immediate preservation of the public peace, health or safety of said city.

2. Under 4227-3 GC. an emergency ordinance need not be published or posted as in the case of any other ordinance.

3. Under GC. 4227 an ordinance which is not an emergency ordinance must be published or posted before it becomes effective and if this is not done it did not go into effect and was, therefore, void.

Attorneys—D. F. Rendinell and David G. Jenkins, for Fetch and Coliepedro; Xury Wilkins, for Vansuch; all of Youngstown.

NOTE—For a more extended statement of this decision see Vansuch v. State, 3 Abs. 36.

---

No. 270
VAN PELT v. BEACH
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5264.   Decided Nov. 3, 1924.

921. PHYSICIANS AND SURGEONS—
Malpractice against physician can be sustained only by proof that work or operation was done in negligent way.

SULLIVAN, J. ·

Epitomized Opinion
Published only in Ohio Law Abstract

Van Pelt brought an action against Dr. Beach, a practicing physician, for malpractice. The plaintiff claimed that the physician or surgeon was employed to perform an operation upon her and in so doing an electric cautery was used and in using the same burned various portions of her body beyond the area of the diseased portion. No medical testimony was offered to show lack of skill or incompetency in performing an operation by the plaintiff except the testimony of the surgeon whose testimony exonerated himself in every way. The court directed a verdict for defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court the court of appeals held:

1. An action against a physician for malpractice can be sustained only by proof of his negligence, and the burden of such proof rests upon him who asserts it.

Attorneys—David P Bowden, for Van Pelt; Boyd, Cannon, Brooks & Wickham, for Beach. All of Cleveland.