### No. 942
### GRABER v. MANAHAN
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5722.   Decided June 8, 1925

**1028. RES IPSA LOQUITUR**—Doctrine of, cannot be basis of an action for alleged malpractice; and unless there be negligence on part of the doctor which results in the injury, there can be no recovery.

VICKERY, J.

Murray Manahan brought an action against Doctor C. Lee Graber in the Cuyahoga Common Pleas, to recover damages for alleged malpractice, Graber being a physician and surgeon. Manahan, it seems, had a large birthmark, extending on the right cheek underneath the eye down under the mouth, over the chin and on to the neck.

He employed Dr. Graber to remove this birthmark, who, from the record, practically promised to remove it without any ill effects, although he said it was the largest that he had ever seen. Manahan presented himself from time to time for operations which constituted largely the use of the X-ray machine and consisted of a number of applications.

At one time when the doctor was absent and Manahan came for treatment, the nurse who assisted the doctor in the treatments, gave the X-ray treatment, and from that time on there were serious burns. The attention of Doctor Graber was called to these burns, and he continued treatment until it finally resulted in a horrible disfigurement of the face and it took months of healing to heal over the face, which was left in a scarred and disfigured con-

dition. A verdict was rendered in favor of Manahan for $7500 and judgment entered thereon.

Error was prosecuted and it was contended that there was error in the charge; that it amounted in effect, to the res ipsa loquitur doctrine. It is claimed that the doctrine cannot be the basis of an action for malpractice; that it is based upon a question of negligence, and unless there be negligence on part of the doctor which results in the injury, there can be no recovery. Van Pelt v. Beach, 3 Abs. 170. The Court of Appeals held:

1. The case cited, supra, is authority for that proposition and that is sustained by numerous authorities, and it is still adhered to here.

2. Parts of the charge, if taken alone, might seem to apply the doctrine of res ipsa loquitur, but the court submitted the question to the jury and told it that Manahan would be obliged to prove some of the negligent acts charged in the petition before he would be entitled to recover.

3. The case being submitted on the ground that before Manahan could recover he must prove negligence on part of Graber; the question arises whether there be any negligence as disclosed by this record.

4. It was highly adventurous for a doctor to undertake to remove the birthmark, considering its extent and largeness.

5. The fact that the doctor undertook it was an act of negligence in itself.

6. It was negligence for him to have permitted the nurse to have performed or give any treatment by use of the X-rays upon Manahan's face; and it was negligent to continue treatment after the effect of the X-rays upon his face was discovered by the doctor.

7. There is no prejudicial error in the record; and the judgment is not excessive.

Judgment affirmed.

Attorneys—Boyd, Cannon, Brooks & Wickman for Graber; John A. Cline for Manahan; all of Cleveland.